CHRISTIANA A. YEWDALL, *et al.*, v. THOMAS PEAK.

149 So. 578.
Division A.
Opinion Filed August 9, 1933.
Rehearing Denied September 20, 1933.

*Norris McElya,* for Appellants;
*Burwell & Sibley,* for Appellee.

Per Curiam.—In March, 1925, Blain and Yewdall, appellants, sold Peak, appellee, three promissory notes aggregating $67,350.00, known as the Chichester, Hovey, and Tatum notes, all secured by mortgages. These notes were payable to corporations in which Blain and Yewdall were interested and were endorsed by Yewdall personally which

appears to have been a condition precedent to their purchase by Peak. Peak collected amounts aggregating $20,949.67 on the notes after he acquired them.

In January, 1929, Peak and Yewdall entered into an agreement whereby the latter conveyed to Peak other notes executed by himself (Peak), Horace L. Snyder, and Herbert Peak, aggregating $19,200.00, together with certain lands, in consideration of which Peak released Yewdall from personal liability on the notes purchased by him from Blain and Yewdall and endorsed by Yewdall.

In February, 1928, Peak discovered that the Hovey mortgage previously sold and conveyed to him by Blain and Yewdall was not in fact a first mortgage as represented when purchased and that it did not describe the lands pointed out to him which it was reputed to describe. On being apprised of these facts Peak made demand on Blain and Yewdall to rescind their agreement of January, 1927, described in the previous paragraph, and tendered back to them the notes they conveyed to him aggregating $19,200.00 and the lands conveyed to him in consideration of Yewdall's release from personal liability on the notes purchased from Blain and Yewdall. Yewdall and Blain refused that request and Peak brought this suit praying that his agreement to release Yewdall from personal liability on said notes be set aside and cancelled as having been obtained through misrepresentation or mistake, and that judgment be entered against Yewdall as endorser upon said notes for any balance found to be due Peak.

A demurrer to the bill was overruled, answer was filed, and on final hearing the Chancellor reduced the aggregate of the notes sold to Peak by the amount collected thereon by him, the amount of the Thomas Peak note, and the Horace L. Snyder and Herbert Peak notes, making a total

credit or reduction of $40,149.67; and entered his judgment against the estate of Yewdall for the balance due, $27,200.33, principal, with interest in the sum of $11,532.80, in all $38,733.13. The instant appeal is from that final decree.

The record discloses that the representation of Blain as to the Hovey note and mortgage was not fraudulently but was unintentionally made. It was not discovered by either party for three years after it was made, when the price of real estate had materially declined, and just a short time prior to the death of Yewdall. At the same time the Chichester and Tatum notes were found to be as represented.

We think that in view of the gross carelessness exercised by both parties to the transaction, which was typical of real estate transactions of the period, and in view of the preceeding facts as related, the decree of the Chancellor should be reversed as to the Chichester and Tatum notes and mortgages but that it should be allowed to stand as to the Hovey note and mortgage.

The notes and mortgages are all severable, no charge of fraud is made, an unintentional mistake was made as to the Hovey note and mortgage, but as to the Chichester and Tatum notes and mortgages there is not a charge of error, mistake, or misrepresentation. One of the principals has passed away, the status of the parties has changed, and the value of the security though markedly depreciated is still as represented as to the Chichester and Tatum mortgages. We see no predicate for abrogating the transaction as to them.

It follows that the judgment below is affirmed as to the Hovey note and mortgage but is reversed as to the Chi-

chester and Tatum mòrtgages. A new judgment should be entered in accordance with the views expressed herein.

Reversed in part; affirmed in part.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.